FILED
SUPERIOR COURT
OF GUAM

2021 MAR 29 AM 11: 46

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

CLARICE LOUISE QUINTANILLA KAU,

        Plaintiff,

vs.

URTASIO UREA KAU,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**DOMESTIC CASE NO.: DM0365-20**

**DECISION AND ORDER:**
**Plaintiff's Motion for Order of Publication and Mailing of Summons**

### I.    Introduction

This matter came before the Honorable Maria T. Cenzon on December 28, 2020 for a hearing on Plaintiff Clarice Louise Quintanilla Kau's ("Plaintiff") Motion for Order of Publication and Mailing of the Summons. Plaintiff seeks an order allowing such service upon Defendant Urtasio Urea Kau ("Defendant") of her Complaint for Divorce. Attorney James F. Baldwin and Plaintiff appeared via Zoom. Defendant has not yet been served.

After reviewing the Plaintiff's written brief and the record on file with the Court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court now issues this Decision and Order ruling on the Motion and GRANTING PLAINTIFF'S MOTION FOR ORDER OF PUBLICATION AND MAILING OF THE SUMMONS, for the reasons specific to the Motion and as memorialized herein.

//

//

## II.    Law and Analysis

Rule 4(e) anticipates that parties who reside in other United States jurisdictions may need to be served occasionally, and provides a method for such personal service, permitting service in Guam or other jurisdictions of the United States: "(1) in any manner prescribed or authorized by any law of Guam, or as prescribed by the law of the place where the person is served; or (2) by delivering a copy of the summons and of the complaint to the individual personally or at his residence by leaving it with a household member of suitable age, or by serving the person's agent." GRCP Rule 4(e).

Service by publication and mailing under 7 GCA § 14106[1] or GRCP Rule 4(o), instead of personal service under GRCP Rule 4(e), constitutes substituted service and has specific factual requirements which must be declared to the Court, including representing to the Court that there has been due diligence in ascertaining the location of the person on whom service is to be made. Personal delivery of service is the preferred method of service, and is "always adequate in any type of proceeding" according to *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Due process also requires that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

---

[1] (a) Where the person on whom service is to be made has departed from Guam, and cannot, after due diligence, be found in Guam, or conceals himself to avoid the service of summons, or is a corporation having no officer or other person upon whom service may be served, or who, after due diligence, cannot be found in Guam, and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action; or when it appears by such affidavit, or by the complaint on file, that it is an action which relates to, or the subject of which is real or personal property in Guam, in which such person defendant or corporation has or claims a lien or interest, actual or contingent, or in which the relief demanded consists wholly or in part in excluding such person or corporation from any interest therein, such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons.
(b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

of the action and afford them an opportunity to present their objections." *Aflague v. Moylan*, 2020 Guam 18, ¶ 15 (quoting *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314). Additionally, for individuals whose whereabouts are unknown or who are missing, service through ineffectual or potentially futile methods such as publication may be sufficient. *Mullane* at 317.

When effectuating service by mailing and publication, Guam has adopted a rule of strict statutory compliance with the service requirements. *Pineda v. Pineda*, 2005 Guam 10, ¶ 18. GRCP Rule 4(e) requires, "service by mail shall be accomplished by any form of U.S. postal delivery that provides for written proof of mailing, written proof of delivery, and restricted delivery to the addressee only." GRCP 4(e). Similarly, 7 GCA § 14106(b) requires, "service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only." *Pineda*, at ¶ 15. Certified Mail through the U.S. Postal Service provides written proof of mailing, and Return Receipt service provides written proof of delivery. *See* http://www.usps.com. The Postal Service also offers Restricted Delivery service that restricts delivery only to the addressee. *Id.* Written proof of mailing under Rule 4(e) and 7 GCA § 14106 requires service by any means used by the U.S. Postal Service and not solely certified mail. Guam law also requires proof of delivery (such as by Return Receipt service) and restricted delivery. *Mariano v. Surla*, 2010 Guam 2, ¶ 20 (quoting *Pineda v. Pineda*, 2005 Guam 10). Plaintiff must comply with these mailing requirements in order to effectuate proper service and to preserve Defendant's due process rights.

Additionally, publication, as authorized by GRCP Rule 4(e) and by 7 GCA § 14106, may be ordered when it is shown that the person on whom service to be made has departed from

Guam and cannot, after due diligence, be found in Guam, and the fact appears by affidavit,[2] to the satisfaction of the court, and a cause of action exists against the defendant upon whom service is to be made appearing by affidavit or by verified complaint. Publication of the summons, then, must comply with the specific requirements under GRCP Rule 4(o), which includes publishing the summons in a newspaper of general circulation for a period of time prescribed by the court to the last known residence of the party to be served.

At the hearing, Plaintiff declared that she has been without contact with the Defendant for approximately five years, since the Defendant relocated off Guam. Hrg. Min. 9:26:36am (Dec. 28, 2020). The Plaintiff stated that, after due diligence, the Defendant cannot be found on Guam and, further that Defendant provided her with the address of 14507 Northeast Juniper Avenue, Vancouver, WA 98684 prior to leaving Guam in June, 2016. Decl. at ¶¶ 5–6; Hrg. Min. 9:26:10-9:26:56. Plaintiff and Defendant have had no contact at all since June, 2016. *Id.* Plaintiff's understanding is that Defendant may work on a fishing boat, but cannot confirm that information because she has had no contact with Defendant or any of his family members, and, therefore, the Court finds that Defendant's last known address is the Vancouver, Washington address which Defendant provided to her before leaving Guam. This address is the home of Defendant's cousin, Iso Kau. Hrg. Min. 9:24:57 – 9: 31:04 (Dec. 28, 2020).

Plaintiff, by and through counsel, requested the Court to order publication and mailing of service because of the lack of contact Plaintiff has had with the Defendant and because his whereabouts are currently unknown. Specifically, Plaintiff has requested that service be conducted by publication and restricted delivery to the Defendant and also first class mail to

---

[2] The Plaintiff filed a Declaration of Plaintiff in support of the Motion and Order of Publication and Mailing of the Summons as required under 7 GCA § 14016; however, during the hearing on the Motion, the Plaintiff also provided additional information in support of the Motion, including Defendant's departure from Guam five year ago with the

Defendant's cousin, who resides at the address Defendant provided, with a return receipt asking Iso Kau to forward the summons on to the Defendant. The Court finds that, under the circumstances, these means of service would be sufficient to effectuate service upon the Defendant.

Guam law permits service by publication and mailing upon parties who have departed from Guam and whose whereabouts are unknown. GRCP 4(o). Guam Law also permits service to individuals within other United States jurisdictions as *prescribed by the law of the place where the person is served.* GRCP 4(e) (emphasis added). The Defendant provided an address to the Plaintiff which he purports to be his new mailing address which is in Washington, and indicated to her his intent to either reside at the residence or be able to be reached at that address.[3] Under Washington law, service may be effectuated by publication of the summons and mailing when the defendant cannot be found in the state and when the action is for a dissolution of the marriage. RCW 4.28.100(4)(b). Washington law provides for service by publication and articulates the manner for such service in RCW 4.28.110.

Guam law allows for service in other jurisdictions by means articulated under the law of that jurisdiction. Here, the Plaintiff has requested mailing and publication of the summons. Because the Plaintiff has requested to publish the summons in a newspaper of general circulation here in Guam, which is where the action is being brought and for the dissolution of a marriage, she will be complying with the provisions for service both under Wash. Rev. Code Ann. §§ 4.28.100 and 4.28.110 and Guam law. Other than the Washington state address which was personally provided to the Plaintiff by the Defendant, Defendant's specific whereabouts are

---

intent to relocate and providing a forwarding address, and Defendant's failure to return to Guam or further communicate with Plaintiff.

unknown, however, this address constitutes his "last known address" other than the address which the couple shared in Guam. Service by publication and mailing appears, under the circumstances, to be the means "most reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" in accordance with the Defendant's due process rights. The additional mailing of the summons to Defendant's cousin Iso Kau, who resides at this address, is not required by statute, but the Court will require this service as further reasonable means to apprise the Defendant of the pendency of the action.

## III.    Conclusion

The Court finds that service by publication and mailing are the means most reasonably calculated in this case to place the Defendant on notice of the instant action. Therefore, the Court <u>GRANTS</u> Plaintiff's Motion for Order of Publication and Mailing of Summons. Plaintiff is ordered to serve the Summons and Complaint by publication and mailing as follows:

1.  Certified Mail through the U.S. Postal Service, Restricted Delivery to Urtasio Urea Kau at his last known address in Vancouver, Washington, with written proof of mailing, and written proof of delivery via the Return Receipt service;

2.  Certified Mail or First Class Mail through the U.S. Postal Service to Iso Kau, with instructions to deliver the documents to the Defendant, with written proof of mailing and written proof of delivery; and

---

[3] Plaintiff's testimony during the hearing was that the parties had intended to reunite following his departure to Washington; however, that reunion never occurred and counsel for Plaintiff has argued further that Defendant's actions constitute "abandonment," however, the Complaint does not allege abandonment in its averments.

3. Via publication of the Summons in a newspaper of general circulation in Guam as the place in which the action is being filed, consistent with the provisions of this Decision and Order and applicable law.

Publication shall be proved by affidavit of an officer or agent of the publisher, stating dates of publication and with attached copy of the order as published. Mailing shall be proved by an affidavit establishing that the address employed is the most current mailing address known for the party being served, that a copy of the summons and complaint were deposited with the U.S. Post Office, properly addressed, and having attached thereto the postal receipts reflecting the form of mailing prescribed above.

**SO ORDERED** this ___MAR 2 9 2021___.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

_VICE VIA_ **E-MAIL**
acknowledge that an electronic
copy of the original was e-mailed to:
MLG

Date: _____ Time: 3/26/21

Deputy Clerk, Superior Court of Guam